IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| OSMAN MOHAMMED NOOR,<br><br>    Plaintiff,<br><br>v.<br><br>DENNIS SORENSEN,<br><br>    Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION TO DISMISS**<br><br><br>Case No. 2:13-CV-738 TS<br><br>District Judge Ted Stewart |

Petitioner, inmate Osman Mohammed Noor, filed a habeas corpus petition, *see* 28

U.S.C.S. § 2254 (2014), in which he attacks his convictions on charges of burglary, forcible

sexual abuse, and lewdness.  The latest facts known by the Court show that Petitioner is currently

pursuing a post-conviction petition in the state-court system.  Respondent therefore rightfully

moves the Court to dismiss this petition.

The Court addresses the application of the exhaustion and abstention doctrines to this

case.  Because Petitioner yet awaits a decision on his state post-conviction petition, the Court

infers that Petitioner filed here knowing he had not yet exhausted his state remedies as to all his

potential federal claims.  Indeed, before Petitioner may seek review of a Utah conviction in

federal court, he must exhaust all available remedies in the Utah courts.  *See id.* § 2254(b) & (c);

*Picard v. Connor*, 404 U.S. 270, 275, 276 (1971); *Knapp v. Henderson*, No. 97-1188, 1998 U.S.

App. LEXIS 28231, at *5 (10th Cir. Nov. 9, 1998) (unpublished).  To exhaust his remedies,

Petitioner must properly present to the highest available Utah court the federal constitutional

issues on which he seeks relief.  *See Picard*, 404 U.S. at 274.  Moreover, "the pending state

action might result in [overturning his conviction], mooting the federal case." *Cen v. Castro*, No. C 02-2094 PJH (PR), 2002 U.S. Dist. LEXIS 9314, at *1 (N.D. Cal. May 1, 2002).  Based on failure to exhaust all Petitioner's potential federal claims, then, this federal petition is barred because of Petitioner's pending state post-conviction petition.

A related ground for denying this federal petition is the *Younger* abstention doctrine.  *See Housley v. Williams*, No. 92-6110, 1993 U.S. App. LEXIS 5592, at *8 (10th Cir. Mar. 12, 1993) (unpublished); *Cen*, 2002 U.S. Dist. LEXIS 9314, at *2.  After all, "[t]he rule of exhaustion in federal habeas corpus actions is rooted in considerations of federal-state comity," as defined in *Younger v. Harris*, 401 U.S. 37, 44 (1971).  *Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973).  The abstention analysis has three parts:  "First, is there a pending state judicial proceeding; 'second, do the proceedings implicate important state interests; and third, is there an adequate opportunity in the state proceedings to raise constitutional challenges.'"  *Oltremari ex rel. McDaniel v. Kan. Social & Rehab. Serv.*, 871 F. Supp. 1331, 1356 (D. Kan. 1994) (quoting *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).

Applying the analysis here, the Court first determines based on the information in the file that there is a pending state judicial proceeding.  Second, although habeas cases are considered civil in nature, "'[t]he importance of the state interest may be demonstrated by the fact that the noncriminal proceedings bear a close relationship to proceedings criminal in nature.'"  *Oltremari ex rel. McDaniel*, 871 F. Supp. at 1356 (quoting *Middlesex County Ethics Comm.*, 457 U.S. at 432).  Considering that Petitioner actually attacks a criminal proceeding, the Court concludes the issues in this noncriminal habeas case clearly are integral to "proceedings criminal in nature," and, consequently, involve an important state interest.  *Id.*  Finally, Petitioner has an adequate

chance to raise any of his federal constitutional challenges in state court.  In fact, as explained

above, by federal statute, he *must* raise his challenges in state court first before bringing them

here.  *See* 28 U.S.C.S. § 2254(b) & (c) (2014); *Picard*, 404 U.S. at 275; *Knapp*, 1998 U.S. App.

LEXIS 28231, at *5-8.

IT IS THEREFORE ORDERED that Respondent's motion to dismiss is GRANTED.

(*See* Docket Entry # 14.)  The petition is DISMISSED without prejudice. This case is CLOSED.

DATED this 16th day of March, 2015.

BY THE COURT:

TED STEWART
United States District Judge